Argued and submitted October 17, 1986, reversed on appeal and cross-appeal January 28, reconsideration denied March 13, petition for review denied April 7, 1987 (303 Or 261)

# FOSS,
*Appellant - Cross-Respondent,*

*v.*

# SIMMONEAU et al,
*Respondents - Cross-Appellants.*

## (16-81-05260; CA A37500)

732 P2d 62

Harold D. Gillis, Eugene, argued the cause for appellant - cross-respondent. With him on the briefs was Harold D. Gillis, P.C., Eugene.

Thomas W. Brown, Portland, argued the cause for respondents - cross-appellants Ted R. Simmoneau and Ruth M. Simmoneau. With him on the brief were Cosgrave, Kester, Crowe, Gidley and Lagesen, Portland.

William J. Howe, III, Portland, argued the cause for respondent - cross-appellant Safeco Title Insurance Company of Oregon. With him on the brief were Howe and Harris, Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is a real estate fraud case. The trial court granted defendants' motion for summary judgment. Additionally, the court awarded plaintiff damages. Plaintiff appeals. He contends that the court erred in granting defendants summary judgment. Defendants cross-appeal. They contend that the court had no authority to award plaintiff damages.

Plaintiff's amended complaint alleged that in October, 1978, he entered into a written contract to purchase real property from the Simmoneaus for $156,000. SAFECO was designated to act as escrow agent. In December, 1978, before the sale closed, the Simmoneaus sold other real property, adjacent to the property that plaintiff had purchased, to Southland Corporation. The terms of the sale to Southland restricted the use plaintiff could make of the property he had agreed to purchase. The Simmoneau-Southland sale closed five days before the sale between the plaintiff and Simmoneaus closed. Plaintiff did not discover the use restriction on his property until November, 1980.

In his original complaint, plaintiff alleged that defendants had committed fraud in intentionally or negligently concealing the use restriction. The complaint sought compensatory and punitive damages. Defendants each answered, denying liability. The trial court struck plaintiff's claims for compensatory damages, except damages for the cost of removing the restriction ($1,042.50). Plaintiff's amended complaint sought $58,000 damages, the difference between the price he paid for the property and the value of the property *at the time of purchase* because of the use restriction. He also sought punitive damages. The amended complaint omitted any reference to the cost of removing the use restriction.

Defendants moved for summary judgment. Their affidavit stated that the use restriction had been removed by plaintiff. They argued that, therefore, his only damage was the cost of removing the restriction and that, because that damage was not specifically pled in plaintiff's amended complaint, they were entitled to summary judgment. Plaintiff did not dispute the fact that he had had the restriction removed. The trial court allowed defendants' motion for summary judgment.

Additionally, the court entered judgment for plaintiff for $1,042.50.[1]

Plaintiff contends that the trial court erred in granting defendants summary judgment. He argues that his claim for punitive damages raises a genuine issue of material fact. Defendants argue that, because plaintiff's amended complaint fails to allege the removal of the encumbrance, it fails to plead facts supporting a claim for any legally recoverable damages.

Plaintiff's amended complaint alleged a cause of action in fraud and sought damages as of the date of sale. The

---

[1] The court's opinion letter explained, in relevant part:

"In earlier pleadings, Plaintiff alleged his removal of the cloud at his cost of $1,042.50 as an item of special damages. It does not appear in Plaintiff's last Amended Complaint. Defendants argue that Plaintiff has thus elected to play 'all or nothing' on his claim for general damages only. Therefore, it is argued, defendants, on the basis of the factual documents they have filed in support of their motion for summary judgment, which are factually uncontroverted by Plaintiff, are entitled to judgment as a matter of law. Technically, this argument seems correct to the Court.

"Plaintiff argues the omission was deliberate since Plaintiff need only allege his claims for relief, leaving to Defendants to allege affirmatively that defense. Presumably, had Defendants alleged it as a complete defense, rather than a partial, Plaintiff would have alleged in his reply his damages of $1,042.50 in removing the cloud.

"That argument seems technically correct as to pleading practice. However, summary judgment practice, as indicated above, transcends usual pleading, motion and discovery practice. Its thrust is to avoid protracted pre-trial practice and subsequent trial where the undisputed facts are going to mandate a particular result in any event. (For a case filed in 1981, and now being resolved in 1985, the summary judgment vehicle might well have been considered at an earlier date.)

"Although no affidavit or counter-affidavit filed relative to the summary judgment motions allege damages of $1,042.50, the Plaintiff is bound to that figure, absent a current affidavit of a greater or different amount, by its admissions, on the record, at the time of oral argument on the motions for summary judgment. In this posture, no useful purpose remains to require the parties to complete the pleading stage, impanel a jury and present evidence where the ultimate result will be, as it appears from the record now before the Court, that the jury will be directed to return a verdict for the Plaintiff in the sum of $1,042.50.

"Accordingly, Judgment is to be entered in favor of the Plaintiff and against the Defendants in the sum of $1,042.50. * * *

"Plaintiff has prayed for punitive damages. Ordinarily, that is a question solely for jury determination. However, in the face of a motion for summary judgment, it is incumbent upon Plaintiff to present a factual basis, by way of affidavit, why the Court would be required to submit punitive damages to the jury, were the case to be tried, conclusory allegations in pleadings will not suffice. Accordingly, the judgment to be entered disposes of all issues in the case and is to be a final, appealable, judgment."

removal of the encumbrance is relevant only as to what those damages were. An affidavit showing only that plaintiff's damages[2] are different from those pled does not satisfy defendants' burden on summary judgment to show that there exists no genuine issue of material fact. In their answers, defendants deny liability as to intentionally or negligently concealing the use restriction. Their affidavits on summary judgment do not address those issues. The asserted grounds for liability have not been disposed of and remain questions of fact for the jury.

On cross-appeal, defendants contend that the trial court erred in granting judgment in favor of plaintiff for $1,042.50. Because we reverse the judgment, we also reverse the award of damages.

Reversed on appeal and on cross-appeal.

---

[2] This is not a case where defendants have shown that plaintiff suffered *no* damages.